```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MJX PLUS LLC and MJX SPECIAL         :
OPPORTUNITIES LLC

                  Plaintiff,       :         08 Civ. 10931 (TPG)

           - against -               :         **OPINION**

CITIGROUP INC., CITIBANK, N.A.,      :
CITIGROUP ALTERNATIVE
INVESTMENTS LLC, and FALCON          :
STRATEGIES TWO LLC,

                            :
                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        This is an action under the federal securities laws. There are also certain state law claims. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and for failure to plead fraud with sufficient particularity as required by Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4.

        The motion is granted. However, plaintiffs are given leave to replead.

        The court wishes to focus on the federal securities law claims in connection with the present motion. The court has concluded that it will not take jurisdiction of the state law claims in the absence of well-pleaded federal law claims.

        The problem with the federal law claims is as follows. Plaintiffs

-2-

allege that they invested $50 million in September 2005 in the Falcon Fund on the basis of representations that the fund would have a low risk and highly liquid investment portfolio and that there would be careful risk management and investment guidelines designed to control and reduce risks. The compliant alleges that there were oral representations to this effect, and that written representations were made in an Offering Memorandum, an Offering Memorandum Supplement, and a brochure issued by the Falcon Fund (Complaint pars. 3, 31, 38 and 39). The complaint then alleges that these representations were false and misleading. Paragraph 44 of the complaint denotes the various specific assertions in the offering materials which are said to have been false and misleading.

But this presentation is virtually barren of meaning without specifying what investments were actually made by the Falcon Fund and how this investment program was contrary to what had been represented. To be sure, the complaint asserts that plaintiffs asked questions beginning in June 2007 about specific types of investments, particularly whether Falcon Fund had invested in securitized mortgages. The complaint alleges that the answers given were at first false, although admissions were made in December 2007 regarding a substantial amount of investment in such securitized mortgages. But the $50 million had been invested in September 2005, and there is no meaningful set of allegations regarding what investments were made by the

-3-

Falcon Fund beginning in September 2005, and no analysis of how such investments were contrary to what had been represented.

It is difficult to imagine that $50 million was put into the Falcon Fund without some specific direction or understanding as to what the Fund would do with that large sum of money. Was the Falcon Fund a mutual fund owning blue chip stocks? Or was it investing in various forms of derivatives? What was the plaintiffs' understanding on that subject? Did the investments made by the Falcon Fund beginning in September 2005 comport with plaintiffs' directions and plaintiffs' understandings, or did they not? All this requires a reference to specific investments, rather than to general policies about controlling risks.

There is also a question about what information plaintiffs received beginning with the time of their investment in September 2005. Paragraph 49 of the complaint states that the reports issued to plaintiffs were not sufficiently informative. However, defendants have submitted a financial statement of Falcon Fund for the year ending December 31, 2006 and two examples of quarterly reports, for the quarters ending June 30, 2007 and September 30, 2007. All these appear to contain a great deal of detailed information, although the court is not in a position to determine whether such reports were or were not sufficiently informative for plaintiffs' purpose. In any event, there is a question as to whether plaintiffs were kept reasonably informed of the nature of

the investments and the performance of the investments. Paragraph 49 is not sufficiently descriptive.

On the question of damages, there is no sufficient analysis of how plaintiffs were damaged. There is the conclusory allegation that plaintiffs' investment suffered a decrease in excess of $25 million. This allegation is made in paragraphs 90, 99, 103, and 107 of the complaint. Then there is an allegation in paragraph 112 that there was a decrease in value in excess of $9 million. But none of these allegations are tied to anything specific.

The court wishes to deal briefly with two contentions posed by defendants. Defendants contend that the action is barred by a "Covenant Not To Sue" set forth in section 4 of an agreement entitled "Administrative Agreement." The court finds that this defense is without merit. Defendants also rely on what they consider to be disclaimers of liability contained in the various offering documents. The court finds no merit in the disclaimer argument, except possibly with relation to the brochure. However, even if the brochure is taken out of the case, the issues remain as to the oral representations, the Offering Memorandum, and the Offering Memorandum Supplement.

## Conclusion

The complaint, as presently presented, does not adequately allege violations of the federal securities laws. However, the court concludes that

-5-

plaintiffs should be given an opportunity to file a proper pleading. Therefore the complaint is dismissed with leave to replead. Such an amended complaint should be filed and served by October 15, 2009, or else the action will be considered to be finally dismissed.

        SO ORDERED.

Dated:      New York, New York
              August 10, 2009

                                                  /s/ Thomas P. Griesa
                                                    THOMAS P. GRIESA
                                                        U.S.D.J.