UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MJX PLUS LLC and<br>MJX SPECIAL OPPORTUNITIES LLC,<br><br>                        Plaintiffs,<br><br>              -against-<br><br>CITIGROUP INC., CITIBANK, N.A.,<br>CITIGROUP ALTERNATIVE<br>INVESTMENTS LLC,<br>and FALCON STRATEGIES TWO LLC,<br><br>                        Defendants. | Civil Action No.: 1:08-cv-10931 (TPG)<br><br><br><br><br><br>**ORAL ARGUMENT REQUESTED** |

REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

JONES DAY
222 East 41st Street
New York, NY  10017-6702
Tel:  (212) 326-3939
Fax:  (212) 755-7306

**TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| PRELIMINARY STATEMENT | | | 1 |
| I. | Plaintiffs Fail To Plead A Federal Securities Law Claim | | 2 |
| | A. | Plaintiffs Have Not Pleaded A Material Misstatement or Omission | 2 |
| | B. | Plaintiffs Have Not Pleaded Loss Causation | 4 |
| | C. | Plaintiffs Have Not Pleaded Scienter | 6 |
| | D. | Plaintiffs Have Not Pleaded Reasonable Reliance | 7 |
| II. | Plaintiffs' Common Law Claims Should Be Dismissed | | 9 |
| CONCLUSION | | | 10 |

## TABLE OF AUTHORITIES

Page

**CASES**

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ *passim*

*Concourse Rehabilitation & Nursing Center Inc. v. DeBuono*,
  179 F.3d 38 (2d Cir. 1999) ................................................................................................ 8

*DaPuzzo v. Reznick Fedder & Silverman*,
  788 N.Y.S.2d 69 (1st Dep't 2005) .................................................................................... 3

*In re Starter Corp. Sec. Litig.*,
  No. 94 Civ. 718, 1996 WL 406624 (S.D.N.Y. July 19, 1996) (Griesa, J.) ....................... 2

*Katz v. Image Innovations Holdings, Inc.*,
  No. 06 Civ. 3707, 2008 WL 4840880 (S.D.N.Y. Nov. 4, 2008) ................................... 3-4

*Kushner v. DBG Prop. Investors, Inc.*,
  793 F. Supp. 1161 (S.D.N.Y. 1992) (Griesa, J.) ........................................................... 2-3

*Lentell v. Merrill, Lynch & Co., Inc.*,
  396 F.3d 161 (2d Cir. 2005) .............................................................................................. 5

*Luminent Mortgage Capital, Inc., et al v. Merrill Lynch & Co., et al.*,
  2009 WL 2590087 (E.D. Pa. Aug. 20, 2009) ................................................................... 5

*Rombach v. Chang*,
  355 F.3d 164 (2d Cir. 2004) .............................................................................................. 9

*Tellabs, Inc., v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ..................................................................................................... *passim*

*United States v. Restrepo*,
  986 F.2d 1462 (2d Cir. 1993) ............................................................................................ 8

*Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*,
  956 F.2d 1245 (2d Cir. 1992) ............................................................................................ 8

*Warner Theatre Assocs. Ltd. P'ship v. Metro. Life Ins.*,
  149 F.3d 134 (2d Cir. 1998) ......................................................................................... 3, 8

*Wexner v. First Manhattan Co.*,
  902 F.2d 169, 172 (2d Cir. 1990) ..................................................................................... 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ..............................................................................................................1, 3

Rule 10b-5................................................................................................................................1

Defendants submit this Reply Memorandum in further support of their motion to dismiss the Amended Complaint. Capitalized terms used herein have the meanings ascribed to them in the Defendants' Opening Memorandum of Law, dated November 16, 2009 ("Open. Mem.").

**PRELIMINARY STATEMENT**

In August, this Court dismissed the original complaint, holding that Plaintiffs failed to plead a federal securities fraud claim because they did not plead with specificity (a) a material misstatement or omission, and (b) loss causation. (*See generally* August Opinion.) The Amended Complaint does not ameliorate those deficiencies and should be dismissed. (*See generally* Open. Mem.) In their brief in opposition to the motion to dismiss ("Opp. Br."), Plaintiffs ignore the pleading requirements imposed on them by law and by the August Opinion. Instead, Plaintiffs offer only excuses for their admitted inability or failure to meet those requirements.

First, Plaintiffs contend that merely because they have alleged that certain facts were within Defendants' "peculiar knowledge," they are absolved of any need to plead those facts with specificity. Plaintiffs then repeatedly invoke this "peculiar knowledge" argument with respect to virtually every pleading element of their Rule 10b-5 federal securities claim. The law does not go nearly so far. Plaintiffs' "peculiar knowledge" argument is unavailing because it is not grounded in legal authority and is directly belied by the specificity requirements imposed by Fed. R. Civ. P. 9(b), the PSLRA and, most recently, the United States Supreme Court in *Twombly*. Second, Plaintiffs seek to avoid addressing other arguments on the purported basis that this Court has already considered and rejected them. That contention does not survive a close examination of this Court's prior ruling, which Plaintiffs mischaracterize, and the law of the case doctrine, which Plaintiffs simply misapprehend.

## I.  PLAINTIFFS FAIL TO PLEAD A FEDERAL SECURITIES LAW CLAIM.

### A.  Plaintiffs Have Not Pleaded A Material Misstatement or Omission.

Plaintiffs have not corrected the pleading deficiencies identified in the August Opinion and thus have not met their burden for pleading misrepresentations or omissions of material fact. (Open. Mem.12-15.)  Plaintiffs argue that they are "unable to set forth more detailed allegations regarding the specific investments made by Defendants beginning in September 2005" allegedly because those facts are within Defendants' "peculiar knowledge."  (Opp. Br. 9-11.)[1]

As an initial matter, Plaintiffs' "peculiar knowledge" argument is negated by Plaintiffs' own description of disclosures they were provided by Defendants concerning such things as: (i) "[g]eneral descriptions of the various investment portfolios/strategies that comprised the Falcon Fund," (ii) "[p]ercentage allocations among the Fund's limited, general investment strategies/portfolios," (iii) "[g]eneral information for each such portfolio or strategy regarding, for example, rating, leverage and/or duration," and (iv) "[g]eneral financial information concerning the Fund, its accounting policies, and the Fund's investments in other funds, not specific investments."  (Opp. Br. 10.)  In the face of this information, Plaintiffs have no justification for failing to prove what this Court required: "how this *investment program* was contrary to what had been represented."  (August Opinion at *1 (emphasis added).)  Plainly, the only plausible explanation is that Plaintiffs have not done so because they cannot.  The Fund's investment strategy and portfolios were as represented and Plaintiffs have not pleaded, and cannot plead, otherwise.  *See In re Starter Corp. Sec. Litig.*, No. 94 Civ. 718, 1996 WL 406624, at *2 (S.D.N.Y. July 19, 1996) (Griesa, J.) (dismissing complaint due to "reliance upon conclusory allegations of falsity without any indication of a basis for such allegations"); *Kushner*

---

[1] Of course, this contention undercuts Plaintiffs' argument that Defendants somehow admitted their fraud in December 2007.  Assuming *arguendo* that Defendants' December 2007 statements were an admission, which the Defendants deny, Plaintiffs would have had all the facts they needed to plead fraud.

*v. DBG Prop. Investors, Inc.*, 793 F. Supp. 1161, 1179 (S.D.N.Y. 1992) (Griesa, J.) (dismissing federal securities claims where "[p]laintiffs have submitted no facts, nor alleged any circumstances, to support these conclusory allegations").[2]

Moreover, Plaintiffs' "peculiar knowledge" argument, if accepted, would render meaningless the pleading requirements of the PSLRA, Rule 9(b) and *Twombly*, none of which give a free pleading pass to Plaintiffs on the basis of a naked assertion that the purported facts are within a defendant's peculiar knowledge. (Open. Mem. 11.) Notably, Plaintiffs' cases do not support Plaintiffs' position.[3] There is an established standard—unrelated to the "peculiar knowledge" exception—for when a Plaintiff may plead "upon information and belief," which Plaintiffs fall far short of meeting here. (*Id*. 13); *see also Wexner v. First Manhattan Co*., 902 F.2d 169, 172 (2d Cir. 1990) ("[t]his exception to the general rule must not be mistaken for license to base claims of fraud on speculation and conclusory allegations"; a "complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard.").

Further, even where a "peculiar knowledge" argument applies in the context of the enforceability of disclaimers of reliance, courts typically have required some showing that the plaintiff could not have discovered the allegedly hidden facts through the exercise of ordinary diligence because those facts were uniquely or "peculiarly" within defendants' control. *See Katz*

---

[2] Plaintiffs' acknowledgement as to what types of information were disclosed also answers this Court's "question as to whether plaintiffs were kept reasonably informed of the nature of the investments and the performance of the investments." (August Opinion at *2.) Plainly they were because nowhere do Plaintiffs plead with the requisite specificity *how* or *why* the information in the Offering Documents or the post-investment reports was inadequate to inform them of the nature of the Falcon Fund and its performance. (Open. Mem. 14-15.)

[3] Plaintiffs' cases are inapposite. (Opp. Br. 10.) Both *Warner Theatre Assocs. Ltd. P'ship v. Metro. Life Ins.*, 149 F.3d 134, 136 (2d Cir. 1998) and *Katz v. Image Innovations Holdings, Inc.*, No. 06 Civ. 3707, 2008 WL 4840880 (S.D.N.Y. Nov. 4, 2008) hold only that the "peculiar knowledge" exception, where it applies, negates the enforceability of disclaimers of reliance; nowhere does either case absolve a plaintiff from pleading fraud with specificity. *DaPuzzo v. Reznick Fedder & Silverman*, 788 N.Y.S.2d 69, 70 (1st Dep't 2005), a First Department case from New York state court, is inapplicable because it construes the requirements of the CPLR and does not (and cannot) provide the appropriate pleading standard for a federal complaint.

*v. Image Innovations Holdings, Inc.*, No. 06 Civ. 3707, 2008 WL 4840880, at *7 & n.2 (S.D.N.Y. Nov. 4, 2008) (rejecting application of peculiar knowledge exception where plaintiff did not "plead any facts to show that information relating to [defendant]'s financial condition was peculiarly inaccessible to him during the period he was contemplating signing an agreement to become CEO" and "he essentially took at face value, without any attempt at further investigation, the revenue figures mentioned to him by the [defendants]").  Here, the Amended Complaint contains no allegations about any diligence exercised by Plaintiffs before they invested concerning the matters about which they now complain.

      B.     <u>Plaintiffs Have Not Pleaded Loss Causation.</u>

Plaintiffs' loss causation allegations remain conclusory and inadequate and do not correct the deficiencies identified in the August Opinion.  (Open. Mem. 15-18.)  Plaintiffs concede they have made no meaningful changes to their loss causation pleadings, and admit that they cannot.  (Opp. Br. 16.)  Plaintiffs invoke, once again, the "peculiar knowledge" argument and claim that because they did not know the exact investments made by the Fund they cannot satisfy their burden.  (*Id.*)  Not surprisingly, Plaintiffs do not cite any legal authority in support of the existence or applicability of such a "peculiar knowledge" exception to pleading loss causation.

Plaintiffs' shortcomings in this regard are fundamental and multiple.  First, neither this Court nor Defendants have required Plaintiffs to plead *exactly how much* of their alleged loss is attributable to the fraud, let alone the specific investments that resulted in that loss.  Instead, this Court has simply required Plaintiffs to provide a "sufficient analysis of *how* plaintiffs were damaged" by the alleged fraud.  (August Opinion at *2 (emphasis added).)  Plaintiffs still have not "tied" their losses "to anything specific."  (*Id.*)  In other words, Plaintiffs have alleged no facts "that would allow the Court to *apportion any losses between Defendants' misrepresentations and the 'significant declines in market value'* for mortgage-backed

-4-

securities." (Open. Mem. 17 (quoting *Luminent Mortgage Capital, Inc., et al v. Merrill Lynch & Co., et al.*, 2009 WL 2590087, at \*16 (E.D. Pa. Aug. 20, 2009) (emphasis added).)

Second, Plaintiffs persist in conflating transaction and loss causation when they contend that "[h]ad Defendants honestly represented the extent of the Fund's exposure to nonconforming, risky and highly volatile investments, Plaintiffs would not have invested in the Fund." (Opp. Br. 16.) While that contention might arguably allege that Plaintiffs entered into the transaction because of the alleged fraud, it does nothing to allege why or how the transaction turned out to be a losing one as a result of the alleged fraud. *Lentell v. Merrill, Lynch & Co., Inc.*, 396 F.3d 161, 172 (2d Cir. 2005) ("It is long settled that a securities-fraud plaintiff 'must prove both transaction and loss causation'").[4]

Third, Plaintiffs' purported reliance on *Lentell* is misplaced in this regard. Not only did *Lentell* underscore the distinction between transaction and loss causation that these Plaintiffs apparently disregard, but the *Lentell* court also made clear that loss causation could be satisfied by identifying and pleading the realization of a concealed risk, something these Plaintiffs have failed to do. *Lentell,* 396 F.3d at 173 (a plaintiff must demonstrate that "the loss [was] foreseeable and [ ] the loss [was] caused by the materialization of the concealed risk") (emphasis omitted).) Plaintiffs cannot rely on *Lentell's* "concealed risk" approach to pleading loss causation because the Falcon 2005 OM specifically cautioned investors that (a) the Falcon Fund constituted a speculative investment that could result in a loss of the entire investment, (b) the Falcon Fund would be investing in mortgage-backed securities ("MBS"), and (c) such securities could be highly volatile and might be subject to risk, which might be difficult or impossible to

---

[4] Plaintiffs invested in September 2005, yet their transaction causation argument rests entirely on alleged post-investment representations allegedly made during the second half of 2007. At best, such post-investment representations could have influenced Plaintiffs' decision to hold their investment in Falcon; it would not have influenced their decision to invest in 2005. Indeed, Plaintiffs' argument not only defies logic, but it also ignores that "holding" claims are not recognized under Section 10(b) and Rule 10b-5. (Open. Mem. 15.)

hedge. (Open. Mem. 7.) Unlike in *Lentell*, this case involves nothing more remarkable than the realization of risks that *were* fully disclosed when Plaintiffs made their investment.

        C.        <u>Plaintiffs Have Not Pleaded Scienter.</u>

Plaintiffs have failed to plead *scienter* with the requisite particularity under *Tellabs* and either of the two methods provided for by the Second Circuit: (1) motive and opportunity pleading, or (2) pleading conscious or reckless misbehavior. (Open. Mem. 18-20.) Plaintiffs first attempt to duck these pleading requirements by arguing that simply because this Court did not address the *scienter* element in the August Opinion, the Court found Plaintiffs' *scienter* allegations adequately pleaded. (Opp. Br. 12.) That argument must fail because the Court had several other grounds to dismiss the federal securities fraud claim without reaching the issue of *scienter*.

Plaintiffs' secondary argument, that the amended complaint alleges financial motives, fares no better because none of those allegations can support the required "strong inference" of *scienter*. For example, Plaintiffs contend that *scienter* can be inferred from the fact that (i) Citibank and CAI received fees for structuring and managing the transaction, (Opp. Br. 12-13); and (ii) the Citi Defendants maintained their own investments in the Falcon Fund and those investments would have been negatively affected if Plaintiffs refused to invest or thereafter redeemed. (*Id*. 13). It is well-settled, however, that motives that are generally possessed by corporations, such as the desire to earn fees and increase profit, do not suffice to plead a strong inference of *scienter*. (Open. Mem. 19.) Further, Plaintiffs' contention that Defendants had a motive to misrepresent the facts because Citibank and CAI received fees and the Citi Defendants were also investors in Falcon (Opp. Br. 12-13), in fact negates any possible inference of *scienter* because, if the Citi Defendants were invested in Falcon, they too stood to suffer losses in that

investment.[5]

    D.    <u>Plaintiffs Have Not Pleaded Reasonable Reliance.</u>

Plaintiffs attempt to avoid the plain legal effect of the risk disclosures and their own express and detailed disclaimers of reliance by (i) claiming Defendants are precluded from rearguing the purported disclaimers and covenant not to sue under the law of the case doctrine, (Opp. Br. 3-5); (ii) sloughing them off as "generic" and "boilerplate," (*id*. 5); (iii) arguing that the disclaimers are rendered ineffective because the relevant information was in "the peculiar knowledge" of Defendants, (*id.* 5-6); and (iv) contending that the "bespeaks caution" doctrine is inapplicable allegedly because "Defendants knew, or were reasonably certain, that they would not implement the strategies and practices cited [in the relevant documents]." (*Id.* 6, n.2.) None of these contentions finds any support in either the facts actually alleged in the Amended Complaint or in settled law.

*First*, Plaintiffs mischaracterize the August Opinion, Defendants' arguments, and legal authority in contending "the law of the case precludes Defendants from rearguing the purported boilerplate disclaimers, general risk disclosures, and release and covenant not to sue as bases for dismissing Claims 1 through 4 of the Amended Complaint." (Opp. Br. 5.) The August Opinion, however, addresses the covenant not to sue and disclaimers of reliance o*nly* with respect to Claims 1-2 and even with respect to those two claims the Court did not address the effect of the disclaimers in the Falcon Brochure <u>or</u> the effect of the risk disclosures with respect to whether they trigger the bespeaks caution doctrine or the PSLRA safe harbor. (August Opinion at *1 ("[t]he Court wishes to focus on the federal securities claims in connection with the present motion"); *id.* at *2.) In any event, Plaintiffs' own cases do not interpret the case of the law

---

[5] Moreover, Plaintiffs did not plead, as they contend, facts showing that Defendants knew, or had access to information, that demonstrated the inaccuracy of their prior written and oral disclosures (Opp. Br. 14), much less any admission or acknowledgement that those disclosures were inaccurate *when* made. (Open. Mem. 19-20.)

doctrine as broadly as Plaintiffs seek to do. *See Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The law of the case doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment.")[6]

*Second*, other than merely labeling the disclaimers and disclosures "generic" or "boilerplate," Plaintiffs make no effort to rebut that the very matters and risks that Plaintiffs complain about were expressly disclaimed or disclosed in the documents upon which Plaintiffs claim to have relied. A side-by-side comparison of Plaintiffs' core allegations and the relevant disclaimers and disclosures puts the lie to Plaintiffs' contention. (*See* Exhibits 1 and 2 to the Supplemental Declaration of Jayant W. Tambe dated January 6, 2010) ("Tambe Supp. Decl").)

*Third*, the "peculiar knowledge" exception, which Plaintiffs invoke yet again in their opposition brief, does not apply here at all. Plaintiffs contend that "Defendants had superior and peculiar knowledge and information concerning the Fund's specific investments, and actual investment philosophy, management and practices, as well as the actual composition (and degree of risk) of the Falcon Fund's investment portfolios." (Opp. Br. 6.) However, the investment philosophy and guidelines of the Falcon Fund were described in detail in the Falcon 2005 OM, and the type of investments made and attendant risks were detailed in the periodic reports. (Open. Mem. 7, 9.) There is no allegation that the investment guidelines were breached in any way; nor is there is any showing that Defendants did not follow their stated risk management philosophy. All that has happened here is what Defendants warned could happen: "No risk management process is fail-safe, and no assurances can be given that the Investment Manager's

---

[6] Even had the Court previously addressed this argument, Defendants would need to raise the issue, not to re-litigate the point, but rather to preserve it in the event of an appeal. *See Concourse Rehabilitation & Nursing Center Inc. v. DeBuono*, 179 F.3d 38, 47 (2d Cir. 1999) (court will decline to consider arguments which were not properly raised in the District Court); *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993) (court will not consider arguments mentioned only in a footnote to be adequately raised or preserved for appellate review).

risk management process will achieve its objective." (Falcon 2005 OM at 13.)[7]

*Finally*, Defendants' Opening Memorandum demonstrated that the "bespeaks caution" doctrine precluded Plaintiffs' reliance on the alleged misrepresentations purportedly made in the Falcon 2005 OM because those representations were negated by specific cautionary language in the Falcon 2005 OM. (Open. Mem. 20-21); *see also, e.g.*, *Rombach v. Chang*, 355 F.3d 164, 175 (2d Cir. 2004) ("allegations … are undercut by the fact that the offering documents either did not omit such information or contained sufficient cautionary language to bespeak caution and trigger the safe harbor provision of the PSLRA"). Instead of addressing that argument, Plaintiffs generically contend that the cautionary language in the Falcon 2005 OM, the Falcon Brochure and the periodic financial statements do not trigger the bespeaks caution doctrine or the safe harbor provision of the PSLRA. (Opp. Br. 6, n.2.) But, as noted before, the Amended Complaint is devoid of any factual allegations that demonstrate that Defendants knew at the time of the Falcon 2005 OM that any of the risks and matters of which Plaintiffs complain had actually come to pass.[8]

## II.     PLAINTIFFS' COMMON LAW CLAIMS SHOULD BE DISMISSED.

Because the Court has previously indicated that it would not exercise supplemental jurisdiction if the federal claims were dismissed (August Opinion at *1), Defendants do not set forth in great detail a reply to Plaintiffs' various arguments against a dismissal of their state law claims. Instead, Defendants respectfully refer to the Opening Memorandum and note in brief as follows:

---

[7] Plaintiffs' principal authority actually supports defendants on this point. In *Warner Theatre Assocs. Ltd. P'ship v. Metro. Life Ins.*, 149 F.3d 134, 136-37 (2d Cir. 1998), the Second Circuit refused to apply the peculiar knowledge exception because the plaintiffs had acknowledged and represented that they alone were making investment decisions without relying on oral representations or any investment advice from any defendant and the documents detailed the risks of the investment, including the potential risk of loss of the entire investment. The disclosures and disclaimers compel the same result in this case.

[8] Plaintiffs' cases, all of which involve specific allegations of actually known but undisclosed facts, are simply inapposite. (*See* Opp. Br. 6, n.2.)

- <u>The fraud claim (Claim 3)</u> must be dismissed: (i) for all the reasons that the federal securities law claims fail, (Open. Mem. 21); and (ii) because it is barred by the covenant not to sue in the Administrative Agreement, (*id*. 21-22).

- <u>The negligent misrepresentation claim (Claim 4)</u> must be dismissed: (i) for all the reasons that the federal claims fail, (*id*. 21); (ii) because it is barred by the covenant not to sue in the Administrative Agreement, (*id*. 21-22); and (iii) because the exculpation provisions in the Falcon 2005 OM, Section 10.1 of the Falcon LLC Agreement and Section 10.1 of the MJX Plus LLC Agreement expressly preclude claims of mere negligence (*id*. 24).

- <u>The breach of fiduciary duty claims (Claims 5-6)</u> must be dismissed because: (i) Plaintiffs expressly disclaimed any fiduciary relationship with either Citibank or CAI, (*id*. 22-23);[9] (ii) they are barred by the covenant not to sue in the Administrative Agreement, (*id*.); (iii) the Amended Complaint fails to plead facts that support the imposition of any fiduciary duty on Defendants, (*id*.); and (iv) the exculpatory provisions identified above (*id*. 24).

- <u>The breach of contract claim (Claim 7)</u> must be dismissed because Plaintiffs have failed to identify any duty that Citibank had under the Administrative Agreement to reallocate Plaintiffs' investment in the Falcon Fund, rebalance Plaintiffs' investment, or prevent liquidation of the Falcon Fund. (*Id*. 24-25.)

## CONCLUSION

For the reasons cited herein as well as in the Defendants' opening memorandum, Defendants respectfully request that Plaintiffs' Amended Complaint be dismissed in its entirety with prejudice.

Dated: January 6, 2010  
       New York, New York

JONES DAY

By: /s/ Jayant W. Tambe  
    Jayant W. Tambe (JT-0118)  
    Kelly A. Carrero (KC-5218)  
    John S. McMahon III (JM-0312)  
    222 East 41st Street  
    New York, New York 10019  
    (212) 326-3939

*Attorneys for Defendants*

---

[9] Contrary to Plaintiffs' contention (Opp. Br. 21), as discussed above in Point I.D at 7-8, this Court did not address in the August Opinion whether Citibank and CAI effectively disclaimed any fiduciary duties and certainly not in the context of the state law claims.