UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

MJX PLUS LLC and MJX SPECIAL
OPPORTUNITIES LLC,

                Plaintiffs,

- against -

CITIGROUP INC., CITIBANK, N.A.,
CITIGROUP ALTERNATIVE
INVESTMENTS LLC, and FALCON
STRATEGIES TWO LLC,

                Defendants.

------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/10

08 Civ. 10931 (TPG)

**OPINION**

      In an opinion dated August 10, 2009 the court dismissed the original complaint with leave to replead. Plaintiffs have now filed an amended complaint, and defendants again move to dismiss.

      In connection with what is set forth in this opinion, the court will assume knowledge of the original complaint, the amended complaint, and the opinion of August 10, 2009.

      One of the main grounds for the earlier dismissal was the court's view that the complaint was deficient in failing to specify what investments were actually made by the fund in question. The amended complaint does not remedy this deficiency, but instead contains new allegations accusing defendants of wrongdoing in failing to provide information about specific investments. Plaintiffs strenuously urge, in

1

both the amended complaint and in their briefing, that they should not be required to provide information about specific investments at this stage, because it is unavailable to them without discovery.

Plaintiffs have a point. The court will not again dismiss the complaint because it lacks the specifics about the investments. For reasons to be described, the court will not dismiss the amended complaint, but will leave it standing, at least for now, subject to certain discovery under court supervision.

The amended complaint alleges that plaintiffs invested $50 million in September 2005 in the Falcon Fund. They allege, largely in conclusory form, that this investment was made on the basis of false and misleading oral statements and written materials.

The amended complaint contains a lengthy section entitled "Specific Factual Allegations" obviously designed to provide the factual basis for the claims of violation of law. One part of this section deals with the alleged misrepresentations leading up to the September 2005 investment. These allegations fail to describe, with any reasonable degree of specificity, what it was that constituted the alleged dishonesty. However, in the portions of the amended complaint containing the claims, there are allegations that the Falcon Fund had a concentration in high-risk subprime mortgage backed securities and similar high-risk securities, and was highly leveraged in making these investments. It is

alleged that these investments were not in accord with the assurances given to plaintiffs regarding risk control.

The fact section of the amended complaint contains material about what information was given to plaintiffs by defendants <u>following the September 2005 investment</u>. This fact section contains certain new allegations to the effect that from September 2005 to May 2007 plaintiffs were furnished certain reports, but that these reports were couched in relatively general terms and did not provide the details as to what specific securities were held by the Falcon Fund.

The factual allegations go on to make allegations about certain post-investment events occurring in June 2007 and December 2007. It is alleged that in June plaintiffs were aware of the negative performance of various investment vehicles such as subprime mortgage backed securities, and that they asked defendants about the degree to which Falcon Fund was involved in such investments. Plaintiffs allege that at this time defendants responded that the degree of the Falcon Fund's exposure in connection with these types of investments was insignificant. However, plaintiffs allege that they inquired again in December 2007, at which time defendants admitted to a much more serious degree of exposure to these high-risk securities.

Plaintiffs conclude that the admissions of December 2007 signify that the assurances given in June of that year were false and that indeed

3

that, over a substantial period of time, defendants were concealing their exposure with respect to these undesirable investments.

The amended complaint contains a new allegation to the effect that the value of plaintiff's investment declined by $13,300,000 in the period June through December 2007.

Aside from the claims of misrepresentation, the amended complaint contains allegations that defendants failed to carry out instructions regarding changes to the mix of investments, which plaintiffs had a right to direct with respect to the Falcon Fund, and subsequently liquidated the Falcon Fund in whole or in part contrary to the specific instructions given by plaintiffs. Plaintiffs allege that they suffered $9 million in damages as a result of the failure to change the mix of investments. There is no specific allegation of damages relating to the liquidation. However, the complaint alleges total damages of $29 million plus certain amounts relating to fees paid.

The amended complaint, like the original complaint, is lacking in many specifics needed to make truly meaningful claims. Both pleadings fail to provide any factual explanation as to why defendants were guilty of knowing misrepresentation in 2005, even as to possible subprime mortgage investments and similar investments. However, the court cannot say the same as to the allegations of misrepresentation in 2007. Also, there is some merit to the contention that plaintiffs are entitled to discovery to determine the exact degree to which the Falcon Fund was

4

exposed with respect to the high-risk investments, and over what period of time there was such exposure. The assurances of the original offering documents about risk control surely had meaning, and the court believes that the amended complaint is sufficient to justify discovery to determine whether or not those assurances were truthful.

## CONCLUSION

For these reasons, defendants' motion to dismiss the amended complaint (Document No. 27) is denied. However, there will be a court supervised discovery program designed, among other things, to obtain more specifics about the claims.

Dated: New York, New York
       September 9, 2010

SO ORDERED

_____
Thomas P. Griesa
U.S.D.J.